UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATHANAEL RESMAN,<br><br>                    Plaintiff,<br><br>v.<br><br>WALGREENS,<br><br>                    Defendant. | Case No. 1:24-cv-00234-DCN<br><br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Nathanael Resman's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Under 28 U.S.C. § 1915, the Court must review Resman's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Resman's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court DENIES Resman's application to proceed in forma pauperis. Additionally, after review of the Complaint, the Court must DISMISS the case WITHOUT PREJUDICE. It will, however, allow Resman an opportunity to remedy the shortcomings in both his Application and Complaint.

## II. BACKGROUND

Resman is suing his former employer, Walgreens, for alleged violations of the Americans with Disabilities Act. *See generally,* Dkt. 2. He alleges that Walgreens fired

him due to a known disability without providing reasonable accommodations. He seeks to proceed in forma pauperis, as he is unemployed, and he cites a traumatic brain injury and bipolar diagnosis presumably as evidence he is unable to seek employment (and obtain funds) at this time. Dkt. 1.

### III. LEGAL STANDARD

#### A. Application for Leave to Proceed in Forma Pauperis

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)) .

#### B. Sufficiency of Complaint

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any

portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV. ANALYSIS

### A. Application to Proceed in Forma Pauperis

The Court has reviewed Resman's Application and finds that it lacks the "particularity, definiteness, and certainty" required to establish his poverty. Resman utilized the Administrative Office of the Court's generic in forma pauperis form, but he provided such sparse information that there is almost no insight into his actual financial situation. Dkt. 1, at 2–4. The only income he claims is a $500 gift expected the month after the submission of his Application. He claims negative $1 in his bank account, has a 2005

Hyundai Tucson, and Allstate Insurance allegedly owes him $1,000. On the other hand, Resman claims expenses totaling $763 a month ($500 in rent, $238 in motor vehicle insurance, and $25 in credit card payments).

The Court has serious concerns about the veracity of Resman's application due to its sheer impracticability, which has left the Court with more questions than answers. With no income, other than what appears to be a one-off gift of $500, Resman is living in a deficit of $763 every month with no indication on how he meets such a deficit. He lists $0 in monthly food expenses but also does not receive any public assistance. Put bluntly, it is unclear how Resman is surviving when he accumulates $763 in bills each month, not including basic necessities of life such as food, without any kind of income or assistance.

The Court does not mean to be insensitive to Resman's circumstances. Rather, without more information clarifying what support Resman has received, it is unable to grant his request to proceed in forma pauperis. That said, the Court will afford Resman the opportunity to amend his application to provide a more complete and accurate representation of his financial circumstances. If Resman chooses to file an amended application, he should directly address the Court's concerns above. In particular, he should provide a complete explanation regarding the financial means he uses to fulfill his basic needs. Until such a time, Resman's Application is DENIED.

B. **Sufficiency of Complaint**

Resman used an Administrative Office of the Courts civil cover sheet and Pro Se Complaint for a Civil Case to file his Complaint against Walgreens. Dkt. 2. Therein, Resman relies on the Americans with Disabilities Act (the "ADA") for his cause of action

and as the basis for federal jurisdiction. On his civil cover sheet, he has marked the ADA, "other personal injury," and "other labor litigation" as the nature of his suit. All three selections seem to revolve around his allegation that Walgreens fired him from his role as a pharmacist "without reasonable accommodations" and "under willful discrimination of known disability." Dkt. 2, at 4, 6.

The Court finds that Resman's Complaint fails to state a claim upon which relief can be granted because it does not contain any detailed facts illustrating a plausible claim for relief. Resman failed to provide information on what his disability is or the circumstances surrounding his termination. He claims that Walgreens failed to provide him any reasonable accommodations but gave no information on what accommodations he was seeking or what events occurred that evidence willful discrimination on the part of Walgreens. Without more details about what allegedly transpired between Resman and Walgreens, the Court cannot analyze whether there has been a plausible violation of the ADA. The Court finds that Resman has "recite[d] the elements of a cause of action and tr[ied] to support that recitation with mere conclusory statements," which cannot suffice. *See Ashcroft v. Iqbal*, 556 U.S. at 678.

That being said, the Court finds that amending the Complaint to include facts supporting a plausible violation of the ADA may remedy its deficiencies. As such, the Court will provide an opportunity for Resman to amend the Complaint and include those facts, should they exist. *See Jackson*, 353 F.3d at 758.

### V. CONCLUSION

Resman has not sufficiently proved his indigency and the Court will not waive the

filing fee in this case. He may submit a more complete application, however, and the Court will reconsider. Additionally, the Court finds that Resman's Complaint is deficient and therefore DISMISSES the Complaint WITHOUT PREJUDICE. Resman may amend his Complaint and refile if he so chooses.

## VI. ORDER

1. Resman's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is DENIED WITHOUT PREJUDICE. The Court grants Resman leave to file a more complete application. Any such application must be filed within thirty (30) days of the date of this Order.

2. Resman's Complaint (Dkt. 2) is DISMISSED WITHOUT PREJUDICE. The Court grants Resman leave to file an Amended Complaint in substantial compliance with the Court's analysis above. Resman must file his Amended Complaint within thirty (30) days of the issuance of this Order.

3. Failure to submit an updated In Forma Pauperis application OR file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: September 16, 2024

_____
David C. Nye
Chief U.S. District Court Judge